UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
SANDRO YOBANI SANTOS-TORRES,

                Plaintiff,

            v.

TIMOTHY J. HOUGHTON, et al.,

                Defendants.
―――――――――――――――――――――――――――――

21-CV-3210 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Sandro Yobani Santos-Torres brings this action against Timothy J. Houghton, Tracy Renaud, Alejandro N. Mayorkas, United States Citizenship and Immigration Services ("USCIS"), and United States Department of Homeland Security (collectively, "Defendants"), alleging an Administrative Procedure Act ("APA") violation and seeking to set aside USCIS's denial of his I-212 application. Before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that it lacks jurisdiction to hear Plaintiff's claim, Defendants' motion is granted.

## BACKGROUND

*Factual Background*

      The facts alleged in Plaintiff's Amended Complaint—which the Court assumes to be true for purposes of this motion, *see Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)—are straightforward. Plaintiff is a native and citizen of El Salvador. Dkt. 21 ("Am.

Compl.") ¶ 5.  In February 2004, Plaintiff entered the United States by crossing the Rio Grande River and was "immediately apprehended" by U.S. authorities.  *Id.* ¶¶ 13-14.  On February 24, 2004, U.S. Border Patrol served Plaintiff with a Notice to Appear before an immigration judge on "a date to be set."  *Id.* ¶ 15; Dkt. 23-1[1] (Defs.' Ex. A).  In April 2004, a Notice of Hearing in Removal Proceedings that specified a hearing date was issued and mailed to Plaintiff.  Am. Compl. ¶ 16; Dkt. 23-2 (Defs.' Ex. B).  However, because Plaintiff had relocated by the time that notice was sent, he never received it.  Am. Compl. ¶ 16.  He did not show up to his removal hearing and was thus ordered removed *in absentia* by an immigration judge on July 28, 2004.  *Id.* ¶ 18.  Plaintiff never departed from the United States after his order of removal.  Since then, he has gotten married and had two children—both United States citizens—who are aged nine and thirteen.  *Id.* ¶ 19.

On July 23, 2019, Plaintiff filed a Form I-212 Application to Reapply for Admission After Deportation or Removal with USCIS.  *Id.* ¶ 20.  On July 7, 2020, USCIS denied that application.  *Id.* ¶¶ 21-23.  In doing so, it acknowledged that several factors weighed in favor of granting Plaintiff's application—hardship to Plaintiff's relatives should the application be denied, maintenance of family unity, and unfavorable conditions in Plaintiff's home country.  *Id.*  However, USCIS ultimately determined that those factors were outweighed by several unfavorable factors—namely, that Plaintiff had been ordered removed from the United States, that he had failed to appear at his removal hearing, and that he never departed the United States after being ordered removed.  *Id.*

---

[1] "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  All of the documents attached as exhibits to Defendants' motion to dismiss, including this Notice to Appear, are referenced by Plaintiff throughout his Amended Complaint.  Therefore, the Court may consider them in deciding this motion.

2

Plaintiff filed the instant lawsuit on April 14, 2021. Dkt. 1. His Amended Complaint asserts that Defendants' denial of his I-212 application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the APA. Am. Compl. ¶¶ 25-26. Plaintiff takes issue, in particular, with USCIS's consideration of two unfavorable factors while evaluating his application: his prior removal from the United States and his failure to show up to his removal hearing. *Id.* ¶¶ 26-27. He argues that consideration of the first factor was improper because every I-212 applicant has necessarily been ordered removed, and consideration of the second was improper because he had reasonable cause for his failure to appear. *Id.* Plaintiff now seeks to have the Court set aside USCIS's decision denying his I-212 application and compel Defendants to grant it.

*Statutory Scheme*

The Immigration and Nationality Act ("INA") governs how and when a person may immigrate to the United States. Under the INA, certain categories of people are deemed "inadmissible," including—as relevant here—individuals who are subject to a final order of removal, 8 U.S.C. § 1182(a)(9)(A), who have been unlawfully present in the United States for at least a year, 8 U.S.C. § 1182(a)(9)(B), and who fail to attend their removal proceedings without reasonable cause, 8 U.S.C. § 1182(a)(6)(B). Persons deemed "inadmissible" are "ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a). The INA further provides, however, that the Attorney General may "consent[] to the alien's reapplying for admission." 8 U.S.C. § 1182(a)(9)(A)(iii). Individuals may request such consent through the filing of an I-212 application. *See Delgado v. Quarantillo*, 643 F.3d 52, 54 n.1 (2d Cir. 2011).

**LEGAL STANDARD**

A Rule 12(b)(1) motion is a threshold challenge to the Court's subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction and must independently verify the existence of subject-matter jurisdiction before proceeding to the merits." *Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In resolving a Rule 12(b)(1) motion, a district court may refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

To survive a motion to dismiss under Rule 12(b)(6), meanwhile, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make that determination, the Court must "accept as true all factual allegations . . . but [is] not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020) (citation omitted).

**DISCUSSION**

Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6). Because the Court concludes that it lacks subject matter jurisdiction, it need not consider Defendants' 12(b)(6) motion.

**I.    The INA and APA Preclude Judicial Review of USCIS's Denial of Plaintiff's Application**

Plaintiff argues that because his claims arise under two federal statutes—the INA and the APA—the federal question statute, 8 U.S.C. § 1331, provides the Court with jurisdiction over this action. Am. Compl. ¶ 1. Defendants counter that both the INA and APA preclude judicial review of Plaintiff's claims. The Court agrees with Defendants.

*The INA*

The INA bars judicial review of discretionary agency decisions. *See* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."); *Giammarco v. Kerlikowske*, 665 F. App'x 24, 25 (2d Cir. 2016) (finding that the INA "plainly erects a jurisdictional bar to a court's review of a discretionary immigration decision"). Courts have held that a denial of an I-212 application is the kind of discretionary agency "decision or action" that is contemplated by the INA's jurisdiction-stripping provision. *See, e.g.*, *Andrade v. Att'y Gen. of U.S.*, 312 F. App'x 452, 454 (3d Cir. 2008) ("Section 1182(a)(9)(A)(iii)'s express requirement that the Attorney General must consent to the alien's [I-212] application, coupled with the lack of restrictions on that exercise of consent, specifies that the authority to permit an alien to reapply for admission is within the Department of Homeland Security's discretion."); *Perez-Gonzalez v. Ashcroft*, 379

F.3d 783, 788 (9th Cir. 2004), *overruled on other grounds by Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227 (9th Cir. 2007) (noting that "[o]rdinarily, we lack jurisdiction to review the INS's discretionary determination of whether to grant a Form I–212 waiver"). Thus, to the extent that Plaintiff takes issue with USCIS's "factfinding, factor-balancing, and exercise of discretion" in its evaluation of his application, the Court may not review his claims. *See Sandhu v. United States*, 916 F. Supp. 2d 329, 333 (E.D.N.Y. 2013).

In any event, there is a second provision of the INA that also precludes this Court's review. Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means for judicial review of an order of removal*." 8 U.S.C. § 1252(a)(5) (emphasis added). The Second Circuit has held that this preclusion applies to both direct and indirect challenges to removal orders. *See Delgado*, 643 F.3d at 55 (finding that a challenge to the denial of an I-212 application is an indirect challenge to an order of removal because, although granting an I-212 waiver "would not per se prevent [Delgado's] removal," "[o]btaining such a waiver is a necessary prerequisite" to an adjustment of status, which would render any removal order invalid); *see also Freire v. U.S. Dep't of Homeland Sec.*, 711 F. App'x 58, 59 (2d Cir. 2018) (Section 1252(a)(5) "removes jurisdiction from the district courts over any challenge of the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested in the challenge would invalidate the [removal] order; such a challenge is in effect an attempt to obtain judicial review of the removal order indirectly."). Here, Plaintiff seeks an order compelling USCIS to grant his I-212 application, which—although it would not per se invalidate his removal order—is a "necessary prerequisite" to his ultimate goal of adjustment of status, *see Singh*, 878 F.3d at 445-46. Section 1252(a)(5) of the INA clearly provides that the power to award such

6

relief is exclusively vested in the courts of appeals. Accordingly, judicial review is not available in this Court.

*The APA*

Plaintiff also asserts that the Court has jurisdiction under the APA. 5 U.S.C. §§ 551 *et seq*. Although the APA provides that a "person suffering legal wrong because of agency action" is "entitled to judicial review thereof," 5 U.S.C. § 702, it does not empower courts to set aside an agency action where other "statutes preclude judicial review" or where the action is "committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1), (2). As discussed above, the INA precludes judicial review of USCIS's denial of Plaintiff's I-212 application both because it was a discretionary agency decision and because the power to challenge removal orders directly or indirectly lies solely with the courts of appeals. Therefore, the APA similarly does not provide this Court with subject matter jurisdiction.

## II. Whether USCIS Considered Improper Factors is Also Not Reviewable by This Court

Plaintiff asserts that Defendants' citations to the INA's jurisdiction-stripping provisions are misplaced because he is not alleging that USCIS "improperly weighed the various factors presented to it," but rather, that it "considered improper factors" in the first place. Dkt. 24 ("Pl.'s Opp.") at 3. Specifically, Plaintiff argues that USCIS erred in considering two unfavorable factors relating to his adverse immigration history: that he had been ordered removed and that he failed to appear at his removal hearing. *Id.*

There is, as Defendants acknowledge, an exception to the INA's jurisdictional bar—Section 1252(a)(2)(D). It provides that nothing in the INA "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

7

Plaintiff cites to *Pareja v. Att'y Gen. of U.S.* for the proposition that where the government agency is alleged to have applied an erroneous legal standard or "given weight to an impermissible factor" in making a discretionary determination, such a claim is subject to judicial review. 615 F.3d 180, 188, 196 (3d Cir. 2010).

Plaintiff's argument, however, ignores the statute's unambiguous requirement that any such "constitutional claims or questions of law" be raised "upon a petition for review filed with an appropriate *court of appeals*." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). *Pareja* is inapposite because the plaintiff's petition there was filed in the Court of Appeals for the Third Circuit, which did have jurisdiction to hear such a claim. The plain text of the INA establishes that this Court does not. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013). The Court thus concludes that it lacks jurisdiction to adjudicate this case.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint is granted. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 22 and to close this case.

SO ORDERED.

Dated:  January 31, 2022
        New York, New York

RONNIE ABRAMS
United States District Judge

8